UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                    Criminal No. 06-cr-071-JD

<u>Elaine A. Brown and</u>
<u>Edward Lewis Brown</u>

<u>SEALED ORDER</u>

A grand jury has returned an indictment alleging that Elaine
A. Brown and Edward Lewis Brown conspired to defraud the United
States and conspired to structure financial transactions, in
violation of 18 U.S.C. § 371, and structured financial
transactions in violation of 31 U.S.C. § 5324(a)(3).  The
indictment further alleges that Elaine Brown committed tax
evasion in violation of 26 U.S.C. § 7201 and willfully failed to
collect employment taxes in violation of 26 U.S.C. § 7202.  The
grand jury also returned a notice of forfeiture based on a
finding of probable cause that two parcels of real property were
involved in or traceable to the structuring offenses charged in
Counts 15 through 17 of the indictment.

The government has filed a verified ex parte application for
a post-indictment pretrial restraining order (document no. 9),
pursuant to 21 U.S.C. § 853(e)(1)(A), to preserve the
availability of the two parcels of real property which are the
subject of the notice of forfeiture provision in the indictment.

The government asks the court to order the defendants, any persons in active concert or participation with them, and any person or entity with any interest in or control over the two parcels of real estate to maintain and preserve the properties, not to sell or encumber the properties, and to notify the United States Attorney's Office if either of the parcels were to be vacant for more than two weeks.  In addition, the government asks the court to authorize the Secretary of the Treasury or his designees, along with federal, state, or local law enforcement, to enter the properties as necessary in the Secretary's discretion, "to use any and all force necessary to enter and/or remain" on the properties, to take whatever steps are considered necessary if either of the properties is vacant, and to take custody of the properties if they appear to be abandoned.

An ex parte post-indictment restraining order under 21 U.S.C. § 853(e)(1)(A) may be issued "to preserve the availability of property" that is subject to forfeiture, based on the probable cause found by the grand jury in returning the indictment.  See United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2006) (recognizing circuit split and discussing United States v. Monsanto, 491 U.S. 600, 615 (1989)); United States v. Jones, 160 F.3d 641, 644 (10th Cir. 1998); United States v. Real Property in Waterboro, 64 F.3d 752, 756 (1st Cir. 1995).  After a careful review of the indictment and the government's filings in support

of the application for a restraining order, the court finds that
the indictment provides probable cause to issue a restraining
order to require the defendants and their agents to maintain and
preserve the properties pending resolution of the forfeiture, as
is more specifically provided in the separately issued
restraining order.  The indictment does not provide probable
cause to extend the restraining order to include the government's
requests for authorization of an entry or entries onto the
properties to inspect or appraise them, to use force in executing
the requested entries, to take whatever steps that may be
considered necessary if either of the properties were vacant, or
to take custody of the properties if they appear to be abandoned.
See, e.g., United States v. Ladson, 774 F.2d 436, 439-40 (11th
Cir. 1985); United States v. Real Prop. Located at Scottsdale,
AZ, 379 F. Supp. 2d 1058, 1061-65 (D. Ariz. 2005).  Therefore,
the government's ex parte request for a restraining order to
require the defendants and their agents to preserve and maintain
the properties is granted to the extent herein provided; the
government's requests for authorization for any of the other
purposes noted in this order are denied.

A restraining order to preserve and maintain the subject
properties will be issued separately.

3

<u>Conclusion</u>

For the foregoing reasons, the government's ex parte application for a post-indictment restraining order (document no. 9) is granted in part and denied in part.  The restraining order is issued separately.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 8, 2006

cc:  William E. Morse, Esquire
     Jean B. Weld, Esquire
     U.S. Marshal
     U.S. Probation