UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                             Criminal No. 06-cr-071-01-SM
                                                          06-cr-071-02-SM
<u>Elaine A. Brown and</u>
<u>Edward Lewis Brown</u>

**O R D E R**

    Defendants move for production of grand jury information to provide the information from which they hope to challenge compliance with grand jury selection procedures and selection "at random from a fair cross section of the Community." 28 U.S.C. § 1861.

    The exclusive procedure to challenge a jury as not selected in conformity with Chapter 121 is that set forth in 28 U.S.C. § 1867. <u>See</u> 28 U.S.C. § 1867(e). The statute provides "an unqualified right to inspect jury lists. <u>Test v. United States</u>, 420 U.S. 28, 30 (1975); <u>U.S. v. Royal</u>, 100 F.3d 1019, 1025 (1st Cir. 1996). Specifically, the statute permits inspection and copying at reasonable times of "(t)he contents of records or papers used by the jury commission or clerk in connection with the jury selection process . . ." 28 U.S.C. § 1867(f).

Although there is an unqualified right to inspect the master jury lists, courts have denied disclosure of names and addresses of grand jurors to protect and maintain the confidentiality and privacy rights of seated grand jurors.  See United States v. McLernon, 746 F.2d 1098, 1122-23 (6th Cir. 1984).  A litigant may not "expand the (Jury Selection and Service Act) beyond its boundaries."  United States v. Davenport, 824 F.2d 1511, 1515 (7th Cir. 1987).

The objection contains references to certain documents the government is willing to produce but where, as here, the Assistant United States Attorney (AUSA) has neither investigated whether they exist nor, if they do exist, what they contain, the response is, at best, uniformed and not helpful.

Defendants' requests, document no. 46, paragraph 4a. to k. are considered in order:

> "<u>4.a.  The names, social security numbers and physical residential addresses for each of the individuals selected to serve as grand jurors.</u>"

Production is denied unless and until defendants "can make a particularized showing as to why the names . . . of the grand jury that indicted . . . (them are) necessary to challenge the jury selection process . . . ."  United States v. Swan, 2003 WL

21799915, 2003 DNH 137.  Defendants have failed to do so.  The social security numbers and residential addresses are also denied as protected by statute and/or privacy rights.

> b. <u>Copies of the master list showing the grand juror selection criteria evidencing that the grand jurors were selected at random from a fair cross section of the community</u>.

It is not clear what it is that defendants are requesting – the master list of approximately 26,000 names or the court's "Plan for the Random Selection of Grand and Petit Jurors"?  The Clerk is ordered to provide defendants with a copy of the plan and to permit defendants to review a copy of the master list at the Clerk's office redacted of all information except the names.

> c. <u>A copy of the investigation and verification evidencing that each juror is a United States citizen</u>.
>
> d. <u>A copy of the investigation and verification that each juror is a New Hampshire citizen</u>.
>
> e. <u>A copy of the investigation and verification that each juror is qualified to be one of the seated grand jurors</u>.

The Clerk is to provide a copy of the Grand Juror's Qualification Questionnaires with the names, month and day, but <u>not year</u> of birth, address, employer, employer's address, telephone numbers, signature and social security numbers

3

redacted.  These documents respond to "c" through "e".

> f. <u>The names, social security numbers and physical residential addresses for each of the individuals eliminated from serving as a grand juror</u>.

Denied, see "a" above.

> g. <u>The names, social security numbers and physical residential addresses for each of the individuals who selected the individuals serving as a grand juror</u>.

Denied as wholly unrelated to the asserted issue.

> h. <u>The precise geographical location referenced for the crime allegedly committed in case number 01:06-cr-00071-SM UNITED STATES OF AMERICA v. Elaine Brown and Ed Brown and used for grand juror selection</u>.

Moot.  Read paragraph "1" of the indictment.

> i. <u>Copies of all records that evidence the grand jurors were given any consideration, money, benefits, or privileges whatsoever by the plaintiff during their deliberations</u>.

The government, by and through the Judicial Branch, paid each Grand Juror his/her daily statutory fee of $40.00, mileage and approved expenses.  The records are not relevant and the request is denied.

> j. <u>Copies of all records for each of the grand jurors that show they were not licensed or controlled by the plaintiff United States of America in any manner whatsoever</u>.

Denied as non-sensical and intended only to harass.

> k. Copies of all records for each of the grand jurors that show they were not under any liability or required to pay income or any other tax or penalty to the IRS or the plaintiff United States of America.

Denied as the tax returns of grand jurors are not relevant or otherwise discoverable.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 19, 2006

cc:    William E. Morse, Esq.
       Jean B. Weld, Esq.
       Edward Lewis Brown, pro se
       Elaine A. Brown, pro se