```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

United States of America,

    v.                              Criminal No. 06-cr-71-1-2

Elaine A. Brown and
Edward L. Brown


**O R D E R**


    During the recent pretrial conference, the court raised the issue of severing the defendants' trials.  The parties were advised that the court was inclined to sever, and they were invited to submit memoranda on the subject.  The government, which opposed severance initially, has responded, stating that although it maintains that severance is not required, it nevertheless withdraws its objection to separate trials (document no. 59).  Defendants expressed their opposition to severance at the hearing and have since filed a pleading adamantly opposing severance (document no. 66).

    Several potential problems associated with a joint prosecution of this case cause the court some disquiet.  First, the defendants are likely to be representing themselves at

trial[1], notwithstanding that they have been encouraged to recognize their own inability to adequately defend themselves in a serious federal criminal prosecution, and have been urged to retain competent legal counsel in their own best interests. Given that circumstance, a joint trial will pose a heightened risk that one ineffective pro se defendant will blindly and uninformedly act in a way that inures to the substantial detriment of the other.  And, although the government says it does not anticipate any evidentiary problems under <u>Bruton v. United States</u>, 391 U.S. 123 (1968), it is unlikely that either defendant will recognize or be capable of adequately protecting himself or herself at trial with respect to such issues. Finally, each defendant might have defenses available to him or her that might only be effectively presented in a separate trial, or, conflicting rights between them might only be protected in a

---

[1] Defendants each say they are actively seeking to retain legal counsel (or at least stand-by counsel) to assist them, which they say they can financially afford.  But they will only retain "competent counsel," by which they mean a qualified attorney who both shares their jurisprudential philosophy and unorthodox construction of the constitution and applicable statutes, and who will make the arguments and mount the "defenses" they think pertinent.  Defendants are unlikely to find such counsel since the Supreme Court has consistently upheld the constitutionality of the federal income tax system, removing that issue (apparently their main contention) from this case, and because jury nullification is not an argument or defense allowed in this circuit.

separate trial.  See, e.g., United States v. Dobson, 2003 WL 22427984 (E.D.Pa., August 18, 2003) (severance of trials for husband and wife defendants appropriate in mail fraud prosecution where joint trial would force husband to choose between right to testify in his own defense and his right not to testify adversely against his wife).

A court may sever trials if a joint trial "appears to prejudice a defendant."  Fed. R. Cr. P. 14.  "[N]o defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." United States v. Boscia, 573 F.2d 827, 833 (3rd Cir. 1978).  "[I]f there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," then the trial judge should sever the cases under Rule 14.  Zafiro v. United States, 506 U.S. 534, 539 (1993).

Although the court is concerned that defendants may not be acting in their own best interests, still, given that neither the government nor the defendants have moved for severance in this case, that defendants are adamantly opposed to severance, and

that Bruton problems will arise only if "powerfully incriminating" statements by one defendant implicating a co-defendant are admitted, the court will not sua sponte order the trials severed under Rule 14.  Admittedly, the record does not disclose any actual conflicts, nor does it suggest that any specific trial right of either defendant would be compromised by a joint trial (there is no suggestion that either defendant might offer adverse testimony against the other), nor does it appear that a joint trial would undermine a jury's ability to make a reliable judgment about guilt or innocence with respect to either defendant.  The court's concerns in that regard arise almost entirely from its assessment of defendants' respective inabilities to adequately defend themselves, but no specific problem is apparent, and defendants do not disclose any.

   Nevertheless, defendants are encouraged to consider carefully the points raised, as well as the difficulties inherent in a joint trial in which each is acting pro se, and to independently determine whether either wishes to sever his or her case from the other.  The court will consider a motion to sever filed by either defendant prior to jury draw.

And, to avoid any misunderstanding later, defendants are again reminded that the constitutionality of the federal tax system will not be an issue at trial, nor will either defendant, or defense counsel, be permitted to argue or interpose jury-nullification as a defense in this case.

## Conclusion

Defendants' "Motion to Retain Joint Trial and Objection to AUSA Withdrawal of its Objection to Severance" (document no. 66) is granted to the extent the court will not <u>sua sponte</u> order a severance.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 1, 2006

cc:   Jean B. Weld, Esq.
      William E. Morse, Esq.
      Elaine A. Brown, pro se
      Edward L. Brown, pro se
      U.S. Probation
      U.S. Marshal