UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States</u>

     v.                        06-cr-71-01/02-SM

<u>Elaine Brown and</u>
<u>Edward Brown</u>


                      <u>ORDER</u>


     Re: Document No. 64, Motion to Dismiss for Absence of Lawful Arraignment

     Ruling: Defendants move to dismiss on grounds that they were never lawfully arraigned.  The government has failed to object.  The motion, however, must be decided on the merits, notwithstanding the government's failure.  Defendants argue that their arraignment was fatally defective because an Article III judge did not preside; that no complaint and supporting affidavit was produced; that the indictment was not read in open court; that they were not given adequate time to consult qualified counsel; and, were not afforded the opportunity to voice their own pleas.  They raise other complaints as well, e.g. that they were "unlawfully arrested outside federal territorial jurisdiction," which are facially meritless.

     Defendants' arguments are without merit.  The Magistrate Judge lawfully presided at defendants' arraignment.  The court may, under the provisions of 28 U.S.C. §§ 636(b)(1)(A), designate the Magistrate Judge to hear and determine any pretrial matter pending before the court (with exceptions not pertinent to this issue).  Under Local Rule 72.1 (Duties of Magistrate Judge), this court provided that "[t]he magistrate judge is designated to hear and determine all pretrial matters authorized by 28 U.S.C. §§ 636(b)(1)(A)," which includes presiding over criminal arraignments.  Defendants were arrested based upon an indictment returned by the grand jury; no complaint or supporting affidavit initiated the prosecution.  The record discloses that Fed. R. Crim. P. 10 was fully complied with at the arraignment.  Defendants were properly sworn, advised of their rights, and advised of the substance of the charges contained in the indictment.  It also

discloses that defendants both waived reading of the indictment, that each was represented by appointed counsel (Michael J. Iacopino, Esq., and Jonathan R. Saxe, Esq., respectively) both of whom were well qualified, and that pleas of not guilty were entered (it matters not whether the pleas were "voiced" by defendants, or counsel, or were entered by the court – certainly no prejudice arises from entry of a not guilty plea).  Defendants were released on bail conditions pending trial.

　　　　The motion is denied.


　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Steven J. McAuliffe
　　　　　　　　　　　　　　　　　　　　　　Chief Judge

Date:  November 13, 2006

cc:   Elaine Brown, pro se
      Edward Brown, pro se
      William Morse, AUSA