```
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

United States of America,
      Government

      v.                              Criminal No. 06-cr-71-1,2-SM
                                      Opinion No. 2007 DNH 053
Elaine A. Brown and
Edward L. Brown,
      Defendants


**O R D E R**


    Defendants have each filed nearly identical motions for transcripts of all trial proceedings, at government expense. The import of defendants' motions is that they seek free trial transcripts for use at their sentencing hearing, on grounds that they are financially unable to pay for them, and so qualify for assistance under the Criminal Justice Act ("CJA"). 18 U.S.C § 3006A.


    In support of her motion, Defendant Elaine Brown has filed a financial declaration, executed under penalties of perjury on March 5, 2007, approximately one month before the motion was filed. That declaration is facially incomplete in that it does not disclose defendant's beneficial interest in a trust or trusts that hold title to real estate currently used by defendant as her

personal residence, and commercial real estate that once housed her dental practice.  Evidence presented at trial established defendant's interest in each property through trusts, and she has joined with her husband in publically placing a value on the commercial building at one million dollars (in connection with an Internet offer they made to give the commercial building to anyone who could persuade them that their income is subject to taxation under federal income tax laws).  The affidavit also omits any reference to vehicles, tractors, equipment, or other items of value defendants appear to own — again, based on evidence presented at trial, information contained in the record, and information that defendants have publically disclosed.

   Defendant Edward L. Brown has not filed a financial declaration in support of his motion; he merely appends his wife's declaration, noting in passing that it "is [the] same as his."

   Transcripts at government expense are available to persons charged with federal crimes who are financially unable to obtain adequate representation.  See 18 U.S.C. § 3006A(d) (authorizing reimbursement for expenses reasonably incurred, including transcripts authorized by the court in CJA cases); see also 28

U.S.C. § 753(f). Before approving such requests, however, the court is required to conduct an "appropriate inquiry" into the financial status of defendants. 18 U.S.C. § 3006A(b). The defendants bear the burden of proving financial inability. United States v. Harris, 707 F.2d 653, 660 (2d Cir. 1983) (citing cases).

Defendants have not come close to meeting that burden in this case. The inquiry into financial eligibility is a broad one, and a necessary first step in determining the facts is full and complete disclosure by defendants of their financial resources, which they have not done. See United States v. Anderson, 537 F.2d 839, 840 (8th Cir. 1977). This district's Plan for the Adequate Representation of Defendants Pursuant to the Criminal Justice Act (CJA) provides, at Section IV(D)(1), that "[i]n determining whether the defendant is financially unable to obtain counsel [or transcripts], the court shall act only upon statements made by the defendant either (a) under oath in open court, or (b) by sworn affidavit. The personal appearance of the defendant is not required."

Elaine Brown's affidavit is insufficient in that regard because she has not accounted for potentially valuable assets

that could materially affect her eligibility for CJA funds — either fully or partially.  She does not deny ownership interests in the identified real estate through a trust.  Instead, she simply left the relevant spaces on the declaration form blank. Defendant Edward Brown has not filed a financial declaration at all.  To the extent he seeks to rely upon his spouse's declaration, his declaration is insufficient for the same reasons.  His is also deficient because Elaine Brown's disclosure is not necessarily descriptive of his assets.

The motions are denied as insufficiently supported, but without prejudice to refiling.  Defendants are advised that they may file renewed motions for transcripts at government expense, supported by affidavits and other materials, and may (but of course are not required to) file them <u>ex parte</u>, for <u>in camera</u> review by the court.  And they are entitled to move for an <u>ex parte</u> hearing with respect to their financial eligibility for CJA funds.  <u>Ex parte</u> motions and <u>in camera</u> inspection of supporting materials is the usual manner in which requests for services under the CJA are considered.  That procedure avoids disclosure of potentially privileged information and/or litigation strategy to the prosecution.  But, to be successful, defendants' renewed

motions must be adequately supported and demonstrate actual financial inability to pay for the requested transcripts.

Finally, while free trial transcripts are generally provided as a matter of routine to CJA-eligible defendants who appeal convictions, trial transcripts are not usually necessary for sentencing purposes.  The court is familiar with the evidence presented at trial and defendants need only make reference to that evidence, or other trial-related factors they think pertinent to sentencing issues.  But, if defendants still believe a trial transcript is particularly necessary for sentencing in this case, they must explain why a transcript, or a specific part of a transcript, is necessary for sentencing (again, they may file pleadings <u>ex</u> <u>parte</u>, for <u>in</u> <u>camera</u> review, to avoid premature disclosure of their contemplated sentencing arguments to the prosecution).[1]

**Conclusion**

The motions are denied, but without prejudice to refiling, supported by complete and reliable financial affidavits that

---

[1] Given defendants' fugitive status and that they have publically suggested their intentions not to appear in court for sentencing, as required, the request for a free transcript for use during the sentencing hearing is puzzling.

fully disclose all assets held by, or available to, defendants, including cash, deposits, stocks, bonds, real estate, trusts, beneficial interests in property, inheritances, vehicles, equipment, and other tangible and intangible property of significant or substantial value, as well as any liabilities that ought to be considered, such as debts, liens, encumbrances, mortgages, judgments, etc.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 18, 2007

cc: Robert J. Rabuck, Esq.
    William E. Morse, Esq.
    Glenn A. Perlow, Esq.
    Elaine A. Brown, pro se
    Edward L. Brown, pro se
    U.S. Marshal
    U.S. Probation