UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| v. ) | Criminal No. 1:06-cr-071-SM |
| ELAINE A. BROWN and ) EDWARD LEWIS BROWN, ) | |
| Defendants. ) | |

**PETITIONER BERNHARD BASTIAN'S MEMORANDUM IN OPPOSITION
TO THE UNITED STATES' MOTION FOR LEAVE TO FILE SURREPLY**

Local Rule 7.1(e)(3) governs surreply memoranda, and provides that leave to file surreply memoranda will only be granted under extraordinary circumstances. The United States has not presented any extraordinary circumstances in its Motion for Leave (DN 315). The only justification presented by the United States is its belief that Petitioner Bastian presented a "belated" judicial estoppel argument in his Reply Memorandum in Support of his Motion for Summary Judgment (DN 314). The judicial estoppel argument is not belated. In fact, the issue of the United States urging the Court to issue the Orders releasing the property at issue was explored at length in Petitioner's Motion for Summary Judgment (DN 311, pp 4-5). Petitioner pointed out that the United States changed its position: "Oddly, many months later, the United States paid another visit to Riley's Sport Shop, Inc. and said it wanted the guns back." Id., pp. 5, 8-9. Petitioner characterized the government's argument as an "attempt to turn back the hands of time to erase its own conduct." Id., pp. 8-9. Indeed, in his Reply Memorandum, Petitioner

1

Bastian presented case law supporting the argument that the United States should be estopped from this change of position, but it is hardly a new argument.

The proffered surreply attached to the United State's Motion for Leave provides no new evidence or law in any event.  First, the United States claims it need not present any evidence to survive summary judgment which, of course, is not the law.  Nonmovants may not merely rest on their pleadings.  Instead, a nonmovant must produce evidence.  *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996).

The proffered surreply also suggests that judicial estoppel cannot apply because a different United States officer requested the Order releasing the property, not the United States Attorney.  Again, the United States offers no law suggesting that the judicial estoppel doctrine depends, in the case of the United States, on the particular agent of the government making the contradictory argument.  As an equitable doctrine, judicial estoppel is not so inflexible.  The United States also conveniently omits in its discussion the fact that the U.S. Attorney was served with Judge Muirhead's order, twice.  The United States also fails to address the uncontested fact that the U.S. Marshall was fully apprised of the transfer of the property to Petitioner. (Deposition of Petitioner, which was attached as Exhibit A to DN 309).  It appears that the United States Attorney seeks to file a surreply to only reiterate his belief that the entirety of the judicial branch does not understand the law.[1]  At no point has the U.S. Attorney explained why he never objected to Judge Muirhead's Orders.  Nor has he contradicted the claim that the U.S. Marshall's Office was fully apprised of the transfer of the property.

---

[1] The United States claims, in its Objection to Petitioner's Motion for Summary Judgment, that "… the magistrate judge's order was unlawful …" (DN 312, p.4).  In its proffered surreply, the United States appears to argue that the Probation Office labors under the same misunderstanding.

In conclusion, the United States has not presented any extraordinary circumstances that justify the filing of a surreply, and the surreply itself adds nothing of substance to the discussion. Accordingly, Petitioner respectfully requests that the Motion for Leave be overruled.

Respectfully submitted,

s://David S. Kessler
DAVID S. KESSLER (0041982)
Blaugrund, Herbert & Martin Incorporated
300 West Wilson Bridge Road, Suite 100
Worthington, OH  43085
(614) 764-0681
(614) 764-0774 (facsimile)
dsk2@bhmlaw.com

Attorney for Third Party Petitioner, Bernard Bastian

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2010, a true and accurate copy of the foregoing will be sent by the ECF filing system to: Seth R. Aframe, Esq., Assistant United States Attorney at seth.aframe@usdoj.gov.

    s://David S. Kessler
    DAVID S. KESSLER